## American Sugar Co. v. Green's Dairy

*Nevin Stetler, Stetler & Gribbin* and *Donald T. Puckett,* for plaintiff.

*William W. Hafer,* for additional defendant.

SHADLE, J., June 25, 1970.—Plaintiff sued defendant for the purchase price of goods sold and delivered. Defendant counterclaimed against plaintiff for a loss defendant sustained as a result of plaintiff having delivered goods alleged to have been contaminated and defective. Plaintiff thereupon joined the additional defendant, alleging that it was the latter which caused the contamination and defect.

Additional defendant filed preliminary objections in the nature of a motion to strike the joinder and plaintiff's complaint against it. In an opinion and order filed herein on February 11, 1969, reported in 83 York 1, we sustained the preliminary objections and struck the joinder and complaint. As set forth therein, the reasons for the order were that Pa. R. C. P. 2252(a) permitted joinder of an additional

defendant only by a defendant, and not by a plaintiff, and then only to recover upon the cause of action declared upon by plaintiff and not some other cause. We held that plaintiff's attempted joinder of additional defendant was invalid because both provisions were violated.

On November 13, 1969, plaintiff filed herein a petition for reargument of the issues raised by the preliminary objections, and we directed reargument, which was had before the court en banc.

The sole issue raised upon reargument and herein considered is that after the date of our order, the Rules of Civil Procedure were amended to change the very provisions on which our order was based. Pa. R. C. P. 2252(a), which limited joinder to a defendant, has been superseded by paragraph (c) of Pa. R. C. P. 2256, which now provides that "A party against whom a counterclaim is asserted shall have the same right to join any one as an additional party that is given to a defendant in Rule 2252." Rule 2252(a), which restricted joinder to the issues raised in the cause of action declared upon by plaintiff, now permits joinder ". . . on any cause of action which . . . (the joining party) may have against the joined party arising out of the transaction or occurrence . . . upon which the plaintiff's cause of action is based." These provisions now would clearly permit plaintiff to join additional defendant upon the cause of action alleged in the counterclaim in the instant case.

What is the effect of this change in the law subsequent to our prior order herein? The order of the Supreme Court adopting the amendments was filed June 27, 1969, and provided that the amendments ". . . are effective September 1, 1969 and shall apply to actions then pending."

One similar case has been called to our attention:

Meltzer v. Harter, 47 D. & C. 2d 390 (Bucks, 1969), involved venue and service of process on the joinder of an additional defendant. The court there was concerned with the effect of the amendment of the applicable Rule of Civil Procedure between the date of the attempted defective joinder and service of the additional defendant on June 3, 1968, and the same Supreme Court order amending the rule effective September 1, 1969, and applicable to actions then pending. The court there said:

"Generally, matters of venue and service of process are determined by the law in force at the time of the institution of the suit. However, in promulgating this (amended venue) rule, effective September 1, 1969, the Supreme Court provided that it shall apply to pending actions. Accordingly, by virtue of the rule change, and by virtue of its retrospective application, we find that venue . . . is properly laid. While, arguably, it may be said that service . . . (at) a time when such service was not authorized under the then existing venue and service rules, was of no legal effect, we do not perceive the necessity of reaching such a result and do not do so. . . ."

Such reasoning effectively disposes of arguments submitted by additional defendant here. It contends that after the date of our order dismissing it as a party, the action was no longer "pending" as to it. As did the court in Meltzer, we construe the reference to "pending" actions in the amendment order to mean suits in the process of litigation aside from whether additional persons may or may not have become parties thereto.

Additional defendant also here argues that plaintiff could, and should, have appealed from our prior order barring joinder, and not having done so, the

order has, in effect, become final. Whether or not our order was interlocutory or final and appealable, we think it inconceivable that on appeal an appellate court would not reverse our prior order when the very basis of it had been eliminated by the subsequently stated policy of the Supreme Court in promulgating an amendment specifically made applicable to pending actions. Compare Commonwealth ex rel. Smith v. Myers, 438 Pa. 218, 236 (1970), where, in dealing with a criminal conviction, the court said:

". . . No one would suggest that this Court would be violating any settled principles of law by making a change in the law and reversing a conviction, even though the law at the time of conviction supported the conviction. This has occurred innumerable times, in practically every landmark constitutional criminal case."

It is arguable, as additional defendant has done here, that since the date of the opinion in Meltzer was September 5, 1969, its first and only decision was four days after the amendment became effective, and that the decision was, therefore, based on the changed procedure as of that date. Here, our first decision, and the law then effective, preceded the amendment by seven months. However, Meltzer specifically declined to base its decision on that ground. For the reasons herein stated, we believe that the reversal of policy promulgated by the Supreme Court by an order specifically made retrospective as to pending actions not only warrants but requires a reversal of our order based solely on such prior abrogated policy.

We do not agree, as additional defendant contends, that it is materially disadvantaged by having believed since February 11, 1969, that it was out of the case and now finds itself back in litigation. The

statute of limitations on plaintiff's claim for contribution or indemnity against additional defendant would not begin to run until defendant recovers against plaintiff, if it does, on its counterclaim. Plaintiff thereupon could assert its contribution or indemnity claim against additional defendant in a separate action based upon the same facts and transaction. Disposition of any claim of plaintiff against additional defendant in the instant action will both accelerate and reduce multiplicity of litigation.

This opinion and order are filed and concurred in by all members of the court en banc.

### ORDER

And now, June 25, 1970, the order of the court entered herein on February 11, 1969, is reversed, the preliminary objections of additional defendant to plaintiff's joinder and complaint against it are overruled, and leave is granted to additional defendant to file an answer to said complaint within 20 days from this date. An exception is noted for additional defendant.